Qinyu Fan, Esq.
**HANG & ASSOCIATES, PLLC**
136-20 38th Ave, Suite 10G,
Flushing, New York 11354
718-353-8588
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Weiqing Cao, individually and on behalf of all other employees similarly situated, | Civil Action No. 2:19-cv-15528-SDW-ESK |
| Plaintiff, | |
| - against - | |
| Honshu, LLC., d/b/a Honshu Sushi, and Fendai Chen; | |
| Defendants. | |

**BRIEF IN SUPPORT OF THE PARTIES' JOINT MOTION
FOR ENTRY OF CONSENT ORDER APPROVING PLAINTIFF'S
SETTLEMENT AND RELEASE OF FLSA WAGE CLAIMS**

On behalf of all parties, Plaintiff Weiqing Cao (hereinafter, "Plaintiff Cao" or "Plaintiff") hereby submits this memorandum of law in support of the parties' joint motion for entry of a Consent Order approving Plaintiff's settlement and release of any and all claims asserted under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") against Honshu, LLC, d/b/a Honshu Sushi and Fendai Chen ("Served Defendants'). Plaintiff's general release of claims against Served Defendants include, but are not limited to, Plaintiff's claims of unpaid minimum wage, overtime compensation, and improperly retained tips and gratuities under the FLSA and New Jersey Wage and Hour Law ("NJWHL"). In addition, the Served Defendants have agreed to pay Additional Consideration to Plaintiff as that term is defined in Paragraph 2 of the Confidential Settlemetn Agreement ("Agreement") for a release of any and all claims that Plaitniff asserted or

1

could have asserted in addition to the FLSA and NJWH claims alleged by Plainitff in the Complaint in this matter.

## I.     STATEMENT OF RELEVANT FACTS

For a statement of relevant facts, we incorporate herein by reference the accompanying Declaration of Qinyu Fan, Esq., who is counsel for Plaintiff in this action.

## II.    LEGAL ARGUMENT

As will be shown below, the parties believe that the settlement of Plaintiff's claims of unpaid minimum wage, overtime compensation, and improperly retained tips and gratuities under the FLSA is fair and reasonable.

"District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b)." Davis v. Essex County, No. 14-1122, 2015 WL 7761062, at *2 (D.N.J., Dec. 1, 2015) (Cecchi, J.), citing Bredbenner v. Liberty Travel. Inc., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J., Apr. 8, 2011) (citing Lynn's Food Stores. Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)) and Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754, at *3 (M.D. Pa., Jan. 22, 2015); Brumley v. Camin Cargo Control. Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at *1 (D.N.J., Mar. 26, 2012).  "When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" Brumley, 2012 WL 1019337, at *2, quoting Lynn's Food, 679 F.2d at 1354; accord Davis, 2015 WL 7761062, at *2.

2

"While the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, district courts have typically looked to the considerations set forth in *Lynn's Food*." Brumley, 2012 WL 1019337, at *2 (citing cases). "A proposed settlement resolves a 'bona fide dispute' when it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute,' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" Davis, 2015 WL 7761062, at *2, quoting In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa., Mar. 7, 2014) (quoting Lynn's Food, 679 F.2d at 1354). "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." Davis, 2015 WL 7761062, at *2 (citing cases). "Thus, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine the settlement concerns a *bona fide* dispute. Second, the court must determine the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine the agreement does not frustrate the implementation of the FLSA in the workplace." Id. at *2. All three elements are satisfied here.

First, there are numerous *bona fide* disputes in this action. There are factual disputes about whether Plaintiff, a former delivery person and driver, worked overtime and, if so, the amount of overtime he worked each week during his employment with Honshu from on or about December 2014 through on or about January 26, 2019. See Compl. ¶ 19. From December 2015 to the summer of 2018, Plaintiff alleged that he worked six (6) days, sixty-six (66) hours per week; from the fall of 2018 to June 26, 2019, Plaintiff also alleges that he worked five (5) days, fifty-seven and a half (57.5) hours per week. See Compl. ¶¶ 20-21. Plaintiff also alleges there was never any notice

4847-4363-8742.v2

regarding tip credits from Defendants and that he was working on dual jobs in Honshu both as a driver and a delivery person. Because Plaintiff worked substantial amount of time on non-tipped job and there was no notice regarding tip credits from Defendants, the Plaintiff contended in the litigation that the tips could not be made towards his salary as tip credits. See Compl. ¶¶ 20-24.

The Served Defendants' argued that there was no violation of law and that the Plaintiff was properly paid in accordance with the FLSA and NJWHL. Defendants contended that they were entitled to take the tip credit and Plaintiff was so informed at the commencement of his employment, when he was advised what his pay rate would be.  Defendants relied upon the U. S. Department of Labor, Wage and Hour Division, Fact Sheet #15, cited by Plaintiff in his Complaint, which expressly states that there is no requirement that an employer, such as Honshu here, provide an employee with written notice that it intends to take the tip credit.  Based upon his regular fixed rate of pay of $50 per day, Defendants argued that Plaintiff typically received almost double the tipped minimum wage rate and the applicable overtime rate.

Additionally, Defendants argued that Plaintiff could not establish that the restaurant had any knowledge, or reckless disregard, of the FLSA, and therefore Plaintiff could not justify establish facts sufficient to justify the application of the three year statute of limitations.  Thus, there are *bona fide* disputes that would otherwise require a trial to resolve.  See Davis, 2015 WL 7761062, at *3; Brumley, 2012 WL 1019337, at *6; Gabrielyan v. S.O. Rose Apartments LLC, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J., Oct. 5, 2015) (Cecchi, J.); Lucia v. McClain & Co., Inc., No. 11-930, 2015 WL 8361763, at *2 (D.N.J., Dec. 8, 2015) (Cecchi, J.).

Second, the settlement terms regarding Plaintiff's claims for minimum wage, overtime compensation, and improperly retained tips and gratuities claims under the FLSA and NJWHL, as well as a release of all other claims are fair and reasonable to Plaintiff.  Based on Plaintiff's

4

allegations in the Complaint, and Defendants' defenses summarized above, the parties agreed to settle Plaintiff's claims through a confidential settlement amount, to be paid within thirty (30) days after receipt from Plaintiff of a fully executed Agreement along with a W-9 from Plaintiff and a W-9 from Plaintiff's counsel.  This compromise or settlement amount covers Plaintiff's claims for unpaid minimum wage, overtime compensation, liquidated damages, and Plaintiff's attorney's fees.  Furthermore, the Served Defendants agreed to pay to Plaintiff additional consideration for a release of all other claims.  See Davis, 2015 WL 7761062, at *4; Gabrielyan, 2015 WL 5853924, at *2; Lucia, 2015 WL 8361763, at *2.

The resolution of this case involved substantial and protracted settlement discussions with the aid of Magirstrate Judge Kiel, who conducted two separate settlement conferences,  before the parties were able to reach a settlement of this case. These discussions and settlement conferences were conducted after the parties' had exchanged informal discovery and, therefore,  the parties had more than sufficient information on which to base a fair compromise.  Had the parties not settled this claim at this time, they would have had to engage in protracted discovery, including party depositions, as well as motion practice following the conclusion of discovery, at significant out-of-pocket expense and fees that would not be warranted by the amount at stake.  Moreover, there was risk of loss to both sides, as there may have been factual and legal issues relating to whether the tip credits can be made towards his salary and whether the statute of limitation is two years or three years, which would have warranted a trial.

Notably, this settlement payment of Plaintiff's FLSA and NJWHL claims (as well as the Additional Consideration) is also based on Served Defendants' inability to pay a sum larger than that reached in settlement due to a general business downturn common to the hospitality industry because of the current COVID-19 pandemic.  The parties note that Plaintiff's attorneys are

4847-4363-8742.v2

receiving their fees within thirty (30) days after receipt from Plaintiff of a fully executed Agreement.  Overall, this FLSA and NJWHL wage settlement is fair and reasonable.  See Brumley, 2012 WL 1019337, at *4-5.

Third, the instant settlement does not frustrate the purposes of the FLSA.  With Served Defendants continuing to argue that tips received by Plaintiff should be made towards his salary as tip credits and Defendants' violation of the FLSA was not willful, and with the parties agreeing to settle a *bona fide* dispute on terms that pay Plaintiff's various wage and hour claims, the purposes of the FLSA have been satisfied.  See Davis, 2015 WL 7761062, at *4; Gabrielyan, 2015 WL 5853924, at *2.

### III.    CONCLUSION

For the foregoing reasons, the parties' joint motion for entry of a Consent Order approving of Plaintiff's settlement release of his FLSA wage claims should be granted, and the Court should enter the accompanying Consent Order.

Respectfully submitted,

Hang& Associates, P.L.L.C.
136-20 38th Ave, Suite 10G
Flushing, NY 11354
Phone (718) 353-8588
*Attorneys for Plaintiff*


By: /s   *Qinyu Fan*
        Qinyu Fan

Dated: March 18, 2021
        Flushing, New York

6

4847-4363-8742.v2